## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KEVIN LANE LEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-00124-BP** |
| | § | |
| **COMMISSIONER OF** | § | |
| **SOCIAL SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Kevin Lane Lee ("Lee") applied for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied his application, deciding that he was not disabled. Lee exhausted his administrative remedies and filed an appeal in this Court. At issue is whether substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Lee is generally capable of performing past relevant work and whether the ALJ applied the correct legal standard in reaching his conclusion. Finding that substantial evidence supports the decision and that the ALJ applied the correct legal standard, the Court **AFFIRMS** the Commissioner's denial of Lee's application and **DISMISSES** the case.

## I.      BACKGROUND

Lee first applied for DIB and SSI on December 16, 2020, alleging disability beginning August 27, 2019. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF Nos. 11-1, 2 at 213-24, 215-221. The Commissioner denied his application initially and upon reconsideration. *Id.* at 96-113. Lee challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision. *Id*. at 19-32.

Lee appealed the decision to the Social Security Appeals Council ("AC"), which denied review. Tr. 1-3. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Thereafter, Lee filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.    STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434, 1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord id.* § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any substantial gainful activity. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* §§ 404.1572, 416.972. Second, the claimant must have a severe impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets

or equals an impairment in the federal regulatory list. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpart P, app. 1).

Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers his past relevant work ("PRW"). *See id.* §§ 404.1520(a)(4), (e)-(f), 416.920(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* §§ 404.1560(b)(1), 416.960(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his PRW considering his RFC. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## III.    ANALYSIS

The Commissioner, acting through the ALJ, completed the evaluation process here through step four. *See* Tr. 19-32. First, the ALJ found that Lee had not engaged in substantial gainful activity since August 27, 2019. *Id.* at 24. Second, he found five medically severe impairments: status post right knee meniscus repair; degenerative disc disease of the cervical spine post C5-7 fusion; degenerative disc disease of the lumbar spine; obesity; and hypertension. *Id.* at 24-25. The ALJ also found two non-severe medical impairments: depression and anxiety. *Id.* at 25.

Third, he identified no impairment or combination of impairments that qualified under the federal regulatory list. Tr. 26.

The ALJ then assessed Lee's RFC:

> After careful consideration of the entire record, I find that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasionally reach, handle, and finger with the bilateral upper extremities; occasionally climb ramps or stairs, balance, stoop, kneel, crouch; never climb ladders, ropes, or scaffolds; never crawl.

Tr. 27. Using this RFC and relying on testimony from a vocational expert ("VE"), the ALJ determined at step four that Lee is capable of performing PRW as a surveillance system monitor "as that job is generally performed in the national economy." Tr. 31. The step-four finding meant that Lee was ineligible for DIB or SSI because he was not disabled. *Id.* at 32; *see Lovelace*, 813 F.2d at 58. The ALJ then found Lee "not disabled" under §§ 216(i) and 223(d) of the SSA. Tr. 32. Lee urges reversal, arguing that the ALJ erred in finding that Lee could perform his past occupation as generally performed because that position was a "composite job." ECF No. 12.

A composite job has "significant elements of two or more occupations and, as such, ha[s] no counterpart in the" Dictionary of Occupational Titles ("DOT"). *See* SSR 82-61, 1982 WL 31387 at *2 (eff. Aug. 20, 1980). The Social Security Administration uses the DOT as evidence to determine whether a claimant can do PRW, given his RFC. 20 C.F.R. § 404.1560. An ALJ will determine whether a past position is a composite job "according to the particular facts of each individual case." SSR 82-61, 1982 WL 31387, at *4. "An ALJ may consult a VE to determine the proper characterization of a claimant's past work." *Holland v. Colvin*, No. 3:14-CV-2964-K-BH, 2015 WL 5437727, at *13 (N.D. Tex. Aug. 31, 2015) (citing *id.*), *rec. adopted*, No. 3:14-CV-2964-K, 2015 WL 5439051 (N.D. Tex. Sept. 15, 2015), *aff'd*, 652 F. App'x 266 (5th Cir. 2016).

## A.  Substantial evidence supports the ALJ's findings, and he applied the correct legal standard.

Lee asserts that his past work as a surveillance system monitor is a composite job and that the ALJ applied the wrong standard. ECF No. 13. Usually, if a claimant can perform even some of his PRW, then he is not disabled. *Smith v. Astrue*, 278 F. App'x 395, 398 (5th Cir. 2008). However, an ALJ is to find the claimant capable of performing a composite job "only if he or she can perform all parts of the job." POMS DI 25005.020(B) (S.S.A.), 2011 WL 4753471 (eff. Apr. 13, 2017). Because a composite job does not have a DOT counterpart, an ALJ must not "evaluate

it at the part of step 4 considering work 'as generally performed in the national economy." *Id.* Nonetheless, where "the VE and the ALJ do *not* find that Plaintiff's [PRW] constituted a composite job, . . . , by its terms, this restriction does not apply." *Bissell v. Berryhill*, No. CV 17-1294, 2019 WL 908258, at *6 n.7 (W.D. La. Feb. 1, 2019) (emphasis in original), *rec. adopted*, No. CV 17-1294, 2019 WL 885920 (W.D. La. Feb. 22, 2019); *see also Parms v. Colvin*, No. CV 14-00330-BAJ-RLB, 2015 WL 5176860, at *8 (M.D. La. Sept. 3, 2015). The claimant has the burden of proving an inability to perform former work. *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990).

Here, the ALJ did not find, and the VE did not testify, that Lee's PRW was a composite job, so the composite job step-4 evaluation restriction "is irrelevant[.]" *See Parms*, 2015 WL 5176860, at *8. The ALJ fully complied with SSR 82-61. *See Bissell*, WL 908258, at *6. He consulted a VE who listened to Lee's testimony regarding his PRW, reviewed Lee's vocational history, and opined that his prior job was properly classified as a surveillance system monitor. Tr. 31, 61-65. Specifically, the VE testified that Lee's "job at the casino as a surveillance officer most closely falls within the DOT for a surveillance system monitor." *Id.* at 61. She said that the only difference between Lee's PRW and the DOT entry "is that the [while the] DOT specifies for public transportation terminals[,] in Mr. Lee's case, he was working in a casino, but the job duties were the same[.]" *Id.* Accordingly, substantial evidence supports the ALJ's finding that Lee could perform his PRW as a surveillance system monitor as that position is generally performed, and he applied the correct legal standard by evaluating whether Lee could generally perform the job.

### B.    Because Lee did not question the VE's characterization of his PRW at the administrative hearing, he forfeited the issue.

Although the VE, and later the ALJ, classified Lee's PRW as a surveillance system monitor over no objection from Lee, he now contends that this characterization "was either incomplete or incorrect" because it did not account for his "supervisory, training, or reporting duties." ECF No.

6

12 at 5 (citing Tr. 31), 6 (citing Tr. 270). Lee cites to the ALJ's duty to "[i]dentify and obtain a

reasonable explanation for any conflicts between occupational evidence provided by [the VE] . . .

and information in the" DOT. ECF No. 2-3 (citing SSR 00-4p, 2000 WL 1898704, at *1 (S.S.A.

2000). But Lee does not raise a conflict between the VE's testimony and the DOT. As the ALJ

found, the VE's testimony was "consistent with the information contained in the" DOT. Tr. 31;

*compare id.* at 61-65, *with* DOT No. 379.367-010, 1991 WL 673244. Instead, Lee raises a conflict

between the VE's testimony (Tr. 61-65) and Lee's Work History Report (Tr. 270). ECF No. 12 at

5-6; *see also Bailey v. Saul*, 853 F. App'x 934, 937 (5th Cir. 2021) ("SSR 00-4p pertains to conflicts

between a VE's opinion and the DOT, and no such conflict exists here, because the VE correctly

summarized the DOT listing which he concluded describes [the plaintiff's PRW]. SSR 00-4p is

therefore inapposite."). Accordingly, the Court turns to the Fifth Circuit's decision in *Carey*. *See*

*Bailey*, 853 F. App'x at 937.

> [C]laimants should not be permitted to scan the record for implied or unexplained
> conflicts . . . and then present that conflict as reversible error, when the conflict was
> not deemed sufficient to merit adversarial development in the administrative
> hearing.

*Carey*, 230 F.3d at 146-47. Therefore, unless a "direct and obvious conflict" exists, the ALJ has

met his burden. *Id.* at 145-46. Lee argues that *Carey* is "outdated and inapplicable" (ECF No. 14

at 2-3), but this is simply incorrect. *See, e.g.*, *Bailey*, 853 F. App'x at 937; *Dell v. Saul*, 807 F.

App'x 385, 387 (5th Cir. 2020).

Most district courts across the Fifth Circuit have held that a plaintiff's failure to argue that

the ALJ and VE misclassified his past work under the DOT forfeits the argument on appeal. *See*

*e.g.*, *Holland*, 2015 WL 5437727, at *13 & n.4 (holding that claimant forfeited her argument that

the VE wrongly classified her job under a DOT entry that did not account for all of her duties as

actually performed by not "press[ing] the issue on cross-examination" at the administrative

hearing); *Carol B. M. v. Berryhill*, No. 3:17-CV-3163-BK, 2019 WL 1403367, at *6 (N.D. Tex. Mar. 27, 2019) (same where the VE classified the plaintiff's job as a "teacher aide," which did not account for her duties "escorting students to other classes, subduing and restraining students, moving desks and computers, and working with emotionally disturbed students" (cleaned up)); *Martinez v. Berryhill*, No. SA-17-CV-00027-ESC, 2017 WL 8180457, at *7 (W.D. Tex. Nov. 14, 2017) (same where the DOT entry accounted for all of plaintiff's duties except for teaching nutrition classes); *Kishwar v. Colvin*, No. CV H-15-2728, 2016 WL 4154716, at *9 (S.D. Tex. Aug. 3, 2016) (same where the "VE only discussed the cashier function of [the plaintiff's] much broader job duties" working at a donut shop) *Bissell*, No. CV 17-1294, 2019 WL 908258, at *6-7 (same where VE characterized the plaintiff's PRW differently than the Disability Determination Services adjudicator); *Bryant v. Astrue*, No. CIV.A. 09-1499, 2010 WL 3541097, at *5 (same where VE characterized the plaintiff's past work as a garage supervisor, while not accounting for the "medium to heavy lifting duties of an automobile mechanic" that he also performed) (W.D. La. July 30, 2010), *rec. adopted*, No. CIV.A. 09-1499, 2010 WL 3541092 (W.D. La. Sept. 3, 2010).

The Court sees no reason to depart from this weight of authority. Here, while Lee's counsel cross-examined the VE (Tr. 63-64), counsel did not do so regarding the alleged conflict between the VE's characterization of Plaintiff's past work and the DOT. It was Lee's burden to prove that he could not perform his PRW, as actually or generally performed, and he did not satisfy that burden. *Villa*, 895 F.2d at 1023. Accordingly, because he did not argue that the VE mischaracterized his past work at the administrative hearing, he has forfeited the argument.

Lee argues that this case is distinguishable because the purported conflict is obvious. ECF No. 14 at 3-4. He cites to *Smith v. Commissioner of Social Security*, in which the court found a

direct and obvious conflict where the plaintiff's RFC limited him to "self-paced" jobs, but the ALJ found that he could perform a job with a DOT description which required "prompt service." ECF No. 14 at 3 (citing No. 3:20-CV-00282, 2023 WL 8014236, at *3 (S.D. Tex. Nov. 16, 2023), *rec. adopted*, No. 3:20-CV-282, 2023 WL 8788776 (S.D. Tex. Dec. 19, 2023)). Such a direct conflict is a far cry from the vague work history that Lee provided and the VE's characterization of his job. The ALJ properly found, based on the evidence in the record and the testimony of the VE, that Lee could perform his past work as generally performed. Accordingly, remand is improper on this point, and dismissal is appropriate.

## IV.    CONCLUSION

Because the ALJ employed proper legal standards and substantial evidence in the record supports the ALJ's conclusions regarding Lee's ability to perform PRW, and Lee forfeited the argument that the VE misclassified his past work by not raising it at the administrative hearing, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case.

It is so **ORDERED** on July 23, 2024.

Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE